UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JABIL INC.,

    Plaintiff,

v.                                              Case No. 8:19-cv-1567-T-23SPF

ESSENTIUM, INC.; ESSENTIUM
MATERIALS, LLC; ERIK GJOVIK;
GREG OJEDA; WILLIAM "TERRY"
MACNEISH III; and LARS UFFHAUSEN,

    Defendants.
_____/

## **ORDER**

Before the Court is Defendants' Motion to Compel and for Protective Order ("Motion") (Doc. 32) and Jabil's Motion to Compel Responses to Jabil's First Request for the Production of Documents (Doc. 51).

## **BACKGROUND**

Defendants Erik Gjovik, Greg Ojeda, William Macneish III, and Lars Uffhausen (collectively, the "Individual Defendants") are former Jabil employees who now work for defendants Essentium, Inc. and/or Essentium Materials, LLC (collectively, "Essentium" and together with the Individual Defendants, "Defendants"). Jabil alleges that the Individual Defendants were involved in the development of a 3D printer for Jabil (the "TenX Project"), which could operate ten times faster than the next-fastest commercially available 3D printer. Because of its capabilities, Jabil aptly named its premarket 3D

printer the "TenX" (the "TenX Printer"). Jabil, however, terminated the TenX Project before introducing the TenX Printer to the market. Shortly thereafter, the Individual Defendants joined Essentium and began work on developing a 3D printer called the HSE Printer. Jabil alleges that the Individual Defendants misappropriated Jabil trade secrets and used those trade secrets to create the HSE Printer.

On August 21, 2019, Defendants served a set of interrogatories on Jabil requesting, among other things, the specific identification of the trade secrets Jabil claims were misappropriated (Doc. 32). Jabil served its answers on October 15, 2019 (Doc. S-35). Defendants then moved for an order compelling Jabil to supplement its answers because they claim Jabil failed to identify with reasonable particularity the actual trade secrets allegedly misappropriated (Doc. 32 at 1). Defendants also request a protective order staying the discovery deadlines until Jabil complies with its duty to supplement its interrogatory responses. Jabil filed a response in opposition to Defendants' Motion (Doc. 37) and provided supplemental responses based on the preliminary results of an ongoing internal computer-forensic investigation (Doc. S-50). With leave of the Court, Defendants filed a reply (Doc. 46).

In addition, Jabil moves to compel the production of documents responsive to 32 requests for production to which Jabil claims "Defendants asserted only their General Objections (i.e., their reasonable-particularity objection)" (Doc. 51). Defendants filed a response in opposition (Doc. 52).

# DISCUSSION

Motions to compel discovery under Rule 37(a), Federal Rules Civil Procedure, are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial burden of showing that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013).

## I. Defendants' Motion to Compel

Defendants seek an order requiring Jabil to supplement its answers to the following Interrogatories:

> Interrogatory No. 1: Identify, with particularity, each specific Trade Secret You allege Defendants, whether collectively or individually, misappropriated.
>
> Interrogatory No. 2: For each Trade Secret You Identify in response to Interrogatory 1, specifically describe the efforts You undertook to maintain the secrecy of such Trade Secret.
>
> Interrogatory No. 3: For each Trade Secret You Identify in response to Interrogatory 1, specifically identify who among Gjovik, Ojeda, MacNeish, or Uffhausen Acquired the Trade Secret from You and when.

Interrogatory No. 4: For each Trade Secret (Identified in response to Interrogatory 1) Acquired by the person Identified in Interrogatory 3, specifically describe the means by which You contend the person Identified in Interrogatory 3 Acquired that specific Trade Secret.

Interrogatory No. 5: Specifically Identify each component or aspect of Essentium's HSE printer that You contend is a "knock-off" of "an earlier version of Jabil's TenX," as alleged in Paragraph 45 of Your Complaint.

Interrogatory No. 7: Identify, with particularity, the specific software components that were "custom-made for the TenX platform by vendors who [You] identified, vetted, and selected," You allege Essentium's HSE printer is constructed of as alleged in Paragraph 45 of Your Complaint.

Interrogatory No. 9: Identify, with particularity, each specific item of confidential information Gjovik either failed to maintain the confidentiality of or exploited for personal gain as alleged in Paragraph 86 of Your Complaint.

Interrogatory No. 10: Identify, with particularity, each specific item of confidential information Ojeda either failed to maintain the confidentiality of or exploited for personal gain as alleged in Paragraph 86 of Your Complaint.

Interrogatory No. 11: Identify, with particularity, each specific item of confidential information MacNeish either failed to maintain the confidentiality of or exploited for-personal gain as alleged in Paragraph 86 of Your Complaint.

(Doc. 32).

### A. Waiver of Objections

As to each contested interrogatory, Defendants assert that "Jabil waived its objection by answering the interrogatory." (Doc. 32 at 7, 10, 12, 14, 16, 18-19, and 21). Whether an answer to an interrogatory waives an asserted objection depends on the nature of both the objection and answer. An answer that is made subject to, notwithstanding, or without waiving an objection "preserves nothing and wastes the time and resources of the parties and the court." *Tanner v. Liberty Mut. Fire Ins. Co.*, No. 6:19-cv- 585-Orl-37TBS, 2019 WL 1569565, at *2 (M.D. Fla. Apr. 11, 2019); *Martin v. Zale Delaware, Inc.*, No. 8:08-

CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008). While still common, "such practice leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008).

By contrast, when an objection is asserted to only part of an interrogatory, a party must answer the remaining part of the interrogatory to which there is no objection. Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, *to the extent it is not objected to*, be answered separately and fully in writing under oath.") (emphasis added). For example, if "an interrogatory seeking information about numerous facilities or products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products." Fed. R. Civ. P. 33 (1993 advisory committee notes). Thus, a party does not waive an objection to part of an interrogatory by providing an answer to the remaining part of an interrogatory its deems not to be objectionable.

### 1. Objection- Premature

Jabil objects to the interrogatories as premature to the extent that the interrogatories call for "a complete and particularized identification" of all: (1) "of the trade secrets that Defendants have misappropriated," "of the components or aspects of Essentium's HSE that are a 'knock-off' of an earlier version of Jabil's TenX," or "confidential information that Defendants have disclosed and exploited for personal

5

gain." (Doc. 50). Jabil then answers the portion of the interrogatories it deems not objectionable by answering "as though it calls only for a reasonably particularized identification" of: (1) "those trade secrets Jabil currently believes to have been misappropriated based on the limited information currently available to Jabil," "customized software components Jabil currently believes to have been incorporated into one or more iterations of HSE based on the limited information currently available to Jabil," or "confidential information that Jabil currently believes to have been disclosed or exploited based on the limited information currently available to Jabil." (*Id.*). In doing so, Jabil properly answered the interrogatories to the extent each was not objectionable and asserted an objection to the balance of each interrogatory. Accordingly, Jabil's objections were not waived.

Moreover, a party cannot be compelled to provide information that it does not have in its possession, custody, or control. *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2014 WL 6473232, at *4 (S.D. Fla. Nov. 18, 2014). Instead, the parties are required to supplement discovery responses as information becomes available. *See* Fed. R. Civ. P. 26(e)(2). Therefore, "[i]n the Court's view, a response with later supplementation is the preferred course of action" with respect to *narrowly* targeted contention interrogatories. *Titre v. S.W. Bach & Co.*, No. CIV05-80077MARR, 2005 WL 1692508, at *1 (S.D. Fla. July 20, 2005).

2. *Objection- Overbroad and Oppressive*

Jabil also objects to certain interrogatories as "overbroad and oppressive because it requires 'a detailed narrative of the opposing [party's] case' in contravention of Rule 26,

Rule 33, and Section IV(C)(2) of the Middle District Discovery Handbook." Jabil is correct in that "[i]nterrogatories that generally require a detailed narrative of the opposing parties' case [are] generally improper because they are overbroad and oppressive." Middle District Discovery (2005) at IV(C)(2); *see Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2018 WL 7352150, at *3 (M.D. Fla. Dec. 20, 2018). Consequently, a court may order that such contention interrogatories need not be answered until designated discovery is complete. Fed. R. Civ. P. 33(a)(2); *Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 1546504, at *2 (M.D. Fla. Apr. 15, 2016).

Jabil answered the interrogatories, however, without identifying whether the answers were limited by its "overbroad and oppressive" objections. Thus, without expressly stating it, Jabil's answers were "subject to" or "notwithstanding" its objections. Defendants are left to guess whether its interrogatories have been fully answered. As a result, Jabil's objections to the interrogatories as "overbroad and oppressive" are waived.

### B. Sufficiency of Responses

Among the ten counts set forth in Jabil's complaint (Doc. 1) are claims that Defendants misappropriated Jabil trade secrets in violation the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 (Count I), and the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. § 688.001, et seq. (Count II). (Doc. 1). Under both FUTSA and DTSA, a trade secret is information that must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy. *ActivEngage, Inc. v. Smith*, No. 6:19-cv-1638-Orl-37LRH, 2019 WL 5722049, at

*4 (M.D. Fla. Nov. 5, 2019). "It is axiomatic that a party may not assert a cause of action for misappropriation of trade secrets without identifying for the opposing party the trade secrets at issue." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla. Nov. 20, 2008). Florida courts adjudicating FUTSA cases have required the plaintiff to "identify with reasonable particularity the trade secrets at issue before proceeding with discovery." *DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844, 848 (11th Cir. 2016) (quoting *AAR Mfg., Inc. v. Matrix Composites, Inc.*, 98 So.3d 186, 188 (Fla. 5th DCA 2012)). "Reasonable particularity" requires more than generic descriptions of categories, such a list of components to which the alleged trade secrets relate. *See Knights Armament Co.*, 254 F.R.D. at 467.

Defendants argue that Jabil's answer to Interrogatory No. 1 is insufficient in that it amounts to nothing more than a list of publicly available components of the TenX Printer. The Court disagrees. Jabil not only lists eight design elements of the TenX Printer, it identifies with reasonable particularity the scientific, technical, and engineering information within those design elements. (Doc. S-50) A unique configuration of components, even if they are publicly available, may be considered a trade secret. *See Capital Asset Research Corp. v. Finnegan*, 160 F.3d 683, 686 (11th Cir. 1998) ("Even if all of the information is publicly available, a unique compilation of that information, which adds value to the information, also may qualify as a trade secret."); *see also Sun Crete of Fla., Inc. v. Sundeck Prods., Inc.*, 452 So. 2d 973, 975 (Fla. 4th DCA 1984) (noting that a trade secret "includes a unique combination of otherwise known components, if the combination differs materially from other methods known in the trade"). Further, Jabil

8

specifically identified a list of file names and file paths of the more than 9,600 "jabil.zip" files and more than 6,500 DropBox files that Jabil contends are trade secrets that were misappropriated by Defendants. (S-50). As a result, Jabil's response does identify with reasonable particularity what Jabil *contends* to be the trade secrets that have been misappropriated. Whether Jabil's purported trade secrets are, in fact, trade secrets is not for the Court to resolve as part of this discovery dispute. *See Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1141 (M.D. Fla. 2007) ("The term trade secret is one of the most elusive and difficult concepts in the law to define. The question of whether an item taken from an employer constitutes a trade secret is of the type normally resolved by a fact finder after full presentation of evidence from each side") (citations and quotations omitted).

As to the remaining interrogatories, the Court finds Jabil's supplemental responses to be sufficient. Accordingly, Defendants' Motion to Compel and for Protective Order (Doc. 32) is denied.

## II. Jabil's Motion to Compel

In Jabil's Motion to Compel, Jabil states that "[t]he sole point of contention relates to particularity" and urges the Court to "overrule Defendants' reasonable particularity objections." (Doc. 51 at 10). Specifically, "Defendants object to producing discovery responses to [Jabil] until [Jabil] discloses the trade secrets with the reasonable particularity required by law." (*Id.* at 9). Because the Court found Jabil to have identified the alleged trade secrets at issue with reasonable particularity, Defendants' objections on that basis are overruled. As a result, the Defendants are ordered to produce (or make available for

inspection) all non-privileged documents responsive to Jabil's First Request for Production to which only the General Objections were asserted (Request Nos. 5-7, 12-13, 16, 19-20, 24, 34, 38-41, 45-50, 55, 57-61, 64 and 68).[1]

## CONCLUSION

For the forgoing reasons, it is hereby

ORDERED:

1. Defendants' Motion to Compel and for Protective Order (Doc. 32) is **DENIED**; and

2. Jabil's Motion to Compel Responses to Jabil's First Request for the Production of Documents (Doc. 51) is **GRANTED**.

3. The Court finds that the parties' positions were substantially justified and an award for expenses for either party would be unjust under the circumstances.

**ORDERED** in Tampa, Florida, on February 12, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] While Jabil contends that "Defendants asserted only their General Objections" to Request Nos. 2-4, Defendants also objected because those requests seek "potentially trade secret or otherwise confidential information." (Doc. 51 at 16). To the extent Jabil seeks to compel Defendants to produce documents in response to Request Nos. 2-4, the motion is denied without prejudice.